UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PAOLA V. SOSA SARMIENTO,<br><br>          Plaintiff,<br><br>          v.<br><br>TRACY TARANGO, et al.,<br><br>          Defendants. | Case No. 8:26-cv-00339-JDE<br><br>ORDER REGARDING DEFENDANTS' MOTION TO DISMISS [DKT. 11] |

## I.

## INTRODUCTION

On February 13, 2026, Paola V. Sosa Sarmiento ("Plaintiff") filed a Complaint asserting claims for violation of the Administrative Procedure Action ("APA") and relief under the Mandamus Act,[1] alleging the Director of United States Citizenship and Immigration Services ("USCIS") California Service Center; USCIS California Service Center; the Director of USCIS; and USCIS (collectively, "Defendants") have unreasonably delayed adjudicating her Form I-526E Immigrant Petition by Regional Center Investor ("I-526E Petition") and Form I-485 Application to Register Permanent Residence ("I-

---

[1] Plaintiff subsequently waived her due process claim and requested dismissal without prejudice. See Dkt. 12 at 2.

1

485 Application"). Dkt. 1 ("Complaint"). Plaintiff is a noncitizen and native of Columbia, living in Orange County, Florida. Id. ¶ 1. She "invested $800,000 in a new commercial enterprise located in a USCIS-designated regional center" pursuant to the Employment-Based Fifth Preference program ("EB-5 Program"), which provides "for immigrant visas for foreign national investors who invest $1M—or $800,000 in certain high unemployment or rural areas—in a new commercial enterprise that creates at least ten jobs for American workers." Id. ¶¶ 14, 23. Plaintiff filed her I-526E Petition on September 6, 2024 and I-485 Application on November 15, 2024. Id. ¶¶ 24, 26. "Plaintiff has not received any decisions" on her I-526E Petition and I-485 Application, with the I-526E Petition "pending for over 17 months," and the I-485 Application "pending for over 14 months, with no evidence that USCIS has taken any adjudicative action on the merits" or "any indication of when the decisions will be made." Id. ¶ 27.

On May 19, 2026, Defendants filed a Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"). Dkt. 11 ("Motion"). Plaintiff filed an Opposition on June 11, 2026. Dkt. 12 ("Opp."). Defendants filed a Reply on June 25, 2026. Dkt. 15 ("Reply").

The Court finds this matter appropriate for resolution without oral argument, and vacates the hearing set for July 30, 2026. See C.D. Cal. L.R. 7-15. For the reasons explained below, the Motion is GRANTED.

## II.

## LEGAL STANDARD

Rule 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal

2

jurisdiction." Id. In resolving a facial attack, the Court accepts the allegations are true and draws all reasonable inferences in the plaintiff's favor. Snyder & Assocs. Acquisitions LLC v. United States, 859 F.3d 1152, 1157 (9th Cir. 2017). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039. The plaintiff bears the burden of showing a court has subject matter jurisdiction. See Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

Separately, Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). In assessing a motion to dismiss for failure to state a claim, courts accept allegations of material fact as true and construe them in the light most favorable to the plaintiff. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). However, courts need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

To survive a Rule 12(b)(6) motion to dismiss, the pleading must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation omitted). The pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal

citation omitted). Allegations that are "merely consistent with" a defendant's liability or reflect only "the mere possibility of misconduct" do not show "that the pleader is entitled to relief," and thus are insufficient to state a claim that is "plausible on its face." Id. at 678-79 (citations omitted). "Taken together, Iqbal and Twombly require well-pleaded facts, not legal conclusions that 'plausibly give rise to an entitlement to relief.' The plausibility of a pleading thus derives from its well-pleaded factual allegations." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (internal citations omitted).

## III.
## DISCUSSION

### A.   Subject Matter Jurisdiction

Defendants contend that 8 U.S.C. § 1252(a)(2)(B)(ii) strips the Court of jurisdiction over Plaintiff's claims regarding her I-526E Petition and I-485 Application. Motion at 6. Defendants argue that Congress specifically granted USCIS discretion over the manner and order in which it processes I-526E petitions under 8 U.S.C. § 1153(b)(5)(E)(ii), and as such, the Court lacks jurisdiction to order USCIS to immediately move Plaintiff's I-526E Petition to the front of the queue and adjudicate it within 60 days. Id. at 6-7. Defendants further contend that 8 U.S.C. § 1255(a) confers discretionary authority to the Secretary of Homeland Security to adjust the status of noncitizens to lawful permanent residents and pursuant to Patel v. Garland, 596 U.S. 328 (2022), federal courts lack jurisdiction over "any judgment regarding the granting of relief under § 1255," barring jurisdiction over USCIS's pace of adjudication of I-485 applications. Id. at 7-8 (emphasis in original).

Plaintiff counters that "Section 1252(a)(2)(B)(ii) only shields discretion to grant or deny" and "does not reach an agency's inaction." Opp. at 4. Similarly, under Section 1255(a), "discretion modifies the outcome (the substantive grant of permanent residence), not the obligation to adjudicate."

Id. Plaintiff argues that the "view Defendants press is not the consensus; it is a position recent in-district and in-Circuit authority has rejected." Id.

Processing visas under the EB-5 Program is governed by 8 U.S.C. § 1153 of the Immigration and Nationality Act ("INA"), which provides, in relevant part:

> (i) **In general**
>
> Visas under this subparagraph shall be made available through September 30, 2027, to qualified immigrants . . . pooling their investments with 1 or more qualified immigrants participating in a program implementing this paragraph that involves a regional center in the United States, which has been designated by the Secretary of Homeland Security on the basis of a proposal for the promotion of economic growth, including prospective job creation and increased domestic capital investment.
>
> (ii) **Processing**
>
> In processing petitions under section 1154(a)(1)(H) of this title for classification under this paragraph, the Secretary of Homeland Security--
>
> > (I) shall prioritize the processing and adjudication of petitions for rural areas;
> >
> > (II) may process petitions in a manner and order established by the Secretary . . . .

8 U.S.C. § 1153(E)(i)-(ii) (emphasis added). Adjustment of status for permanent residence is governed by 8 U.S.C. § 1255, which provides, in relevant part:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may

5

be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added). The INA also includes a jurisdiction-stripping provision:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

. . . .

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).

In an unrelated context, the Ninth Circuit "read 'any other decision or action' expansively to cover all determinations made in support of a grant of discretionary relief under subsection (ii)." Zia v. Garland, 112 F.4th 1194, 1200 (9th Cir. 2024) (holding that Board of Immigration Appeals' "decision on a good faith marriage waiver and any underlying eligibility determinations fall within the scope of the jurisdiction-stripping provision in § 1252(a)(2)(B)(ii)").

6

But as Defendants acknowledge (Motion at 8), the Ninth Circuit has not decided whether Section 1252(a)(2)(B)(ii) bars jurisdiction over USCIS's pace of adjudication of I-485 applications. Defendants contend that "every circuit to consider the topic since Patel has held that § 1252(a)(2)(B)(ii) bars jurisdiction over USCIS's pace of adjudication of I-485 applications," citing decisions from the Third, Fourth, Fifth, Eighth, and Eleventh Circuits. Id. However, as another district court noted, these decisions are all distinguishable because they arose in the context of visa retrogression, where the applicants' priority dates were no longer current and a regulatory condition precedent (such as visa availability) had not been met. Subramanyan v. Selby, 2026 WL 1196250, at *3 (C.D. Cal. Apr. 27, 2026). No such issue exists here, where Plaintiff's EB-5 visa category is current.

District courts in the Ninth Circuit are divided on whether Section 1252(a)(2)(B)(ii) precludes jurisdiction over unreasonable delay claims in circumstances similar to those at issue here. Compare Sekar v. Tarango, 2026 WL 1454439, at *3 (C.D. Cal. May 15, 2026) (holding the court lacked subject matter jurisdiction over APA and mandamus claims challenging unreasonable delay in adjudicating I-526E petition and I-485 application); Rapaku v. Tarango, 2026 WL 1270766, at *3 (C.D. Cal. May 5, 2026) (dismissing ADA and mandamus claims regarding unreasonable delay in processing Form I-485 application for lack of jurisdiction); Akunuri v. Tarango, 2026 WL 1270770, at *3 (C.D. Cal. May 5, 2026) (same) with Gogate v. Edlow, 2026 WL 1658512, at *4 (C.D. Cal. June 5, 2026) (finding Section 1252(a)(2)(B)(ii) did not bar claim over USCIS's pace of adjudication of I-485 application); Mamaduru v. Edlow, 2026 WL 2033087, at *4 (N.D. Cal. July 14, 2026) (finding the court had jurisdiction to adjudicate pace of adjudication claims for I-526E petitions); Concepcion v. Mullin, 2026 WL 1388761, at *8 n.7 (S.D. Cal. May 18, 2026) (finding the majority of district courts in the Ninth Circuit have found Section

1252(a)(2)(B)(ii) does not bar pace of adjudication claims). Some courts have concluded that the plain language of the statutes precludes jurisdiction to review agency actions and decisions, which necessarily includes the pace of review (see, e.g., Jolly, et al. v. Edlow, et al., Case No. 2:26-cv-01599-SVW-DFM (C.D. Cal.), Dkt. 21 at 4; Khachutorov v. Britten, 792 F. Supp. 3d 1106, 1114 (C.D. Cal. 2025)), while others have drawn a distinction between the discretion over how to resolve an application and an affirmative duty to adjudicate the application one way or the other. Mamaduru, 2026 WL 2033087, at *4; Subramanyan, 2026 WL 1196250, at *3 ("There is a difference between the discretion over how to resolve an application and the government's discretion over whether it resolves an application. . . . Where no decision has been made and no action has been taken, there is, at least arguably, nothing for the statute to shield."). At the same time, courts have acknowledged the concern that failing to assume jurisdiction could make unreviewable a USCIS delay of infinite proportion. See Khachutorov, 792 F. Supp. 3d at 1110; Chintapally, et al. v. Tarango, et al., Case No. 2:26-cv-00123-E (C.D. Cal.), Dkt. 17 at 2.

The Court does not need to definitively resolve this jurisdictional question here because Plaintiff's clams independently fail for the reasons stated below. Subramanyan, 2026 WL 1196250, at *3 (declining to resolve jurisdictional question where plaintiffs' claims otherwise failed on the merits).

**B.    Ripeness**

Defendants argue that Plaintiff's I-485 Application delay claims are not ripe because adjudication of her I-485 Application is contingent upon adjudication of her underlying I-526E Petition. Motion at 10. Plaintiff responds that as part of the 2022 Reform and Integrity Act amendments to the EB-5 Program, Congress added 8 U.S.C. § 1255(n) authorizing EB-5 based I-485 applications to be filed concurrently with the I-526E petition if approval of

the I-526E petition would make a visa immediately available to the noncitizen, putting the I-485 Application on a parallel track, rather than making it a downstream contingency. Opp. at 10. Plaintiff argues that because visa numbers are presently available in her category, the only contingency is Defendants' delay. Id. at 11-12.

The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Nat'l Park Hosp. Ass'n v. Dep't of the Interior, 538 U.S. 803, 808 (2003) (quoting Reno v. Cath. Soc. Servs., Inc., 509 U.S. 43, 57 n.18 (1993)). It "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements" when those disagreements are premised on "contingent future events that may not occur as anticipated, or indeed may not occur at all." Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985) (citations omitted); Wolfson v. Brammer, 616 F.3d 1045, 1057 (9th Cir. 2010).

Here, Plaintiff concedes that the I-526E Petition must be adjudicated first. See Opp. at 12. While it may be that the I-485 Application will be entitled to immediate approval if the I-526E Petition is granted, there is no guarantee that the I-526E Petition will be granted. The approval of the I-526E Petition remains an uncertain, contingent future event. See Mamaduru, 2026 WL 2033087, at *7. Accordingly, the I-485 Application related claims are unripe at this juncture and subject to dismissal.

**C.    Unreasonable Delay**

Defendants also maintain that Plaintiff has failed to state a claim for unreasonable delay. Motion at 11-19. Even assuming Defendants had a mandatory duty to adjudicate Plaintiff's I-526E Petition and I-485 Application within a reasonable time, as explained below, Plaintiff has not established an unreasonable delay necessary to support an APA or mandamus claim.

The APA allows a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "The standard by which a court reviews this type of agency inaction is the same under both § 706(1) of the APA and the Mandamus Act, 28 U.S.C. § 1361." Andalib v. United States, 2024 WL 685945, at *4 (C.D. Cal. Feb. 9, 2024) (citation omitted); see also Vaz v. Neal, 33 F.4th 1131, 1135 (9th Cir. 2022) ("Because 'mandamus relief and relief under the APA are "in essence" the same,' when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, we may elect to analyze the APA claim only." (citation omitted)). A court can compel agency action only if there is "a specific, unequivocal command" placed on the agency to take a "discrete agency action," and the agency has failed to take that action. Vietnam Veterans of Am. v. Cent. Intel. Agency, 811 F.3d 1068, 1075-76 (9th Cir. 2016) (as amended) (citation omitted).

To determine whether the agency's delay is unreasonable, the Court weighs the six factors set forth in Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). See Indep. Mining Co. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997). The TRAC factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason[;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake[;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the

nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. Id. at 507 n.7 (alterations in original) (quoting TRAC, 750 F.2d at 80).

"There is no categorical prohibition on deciding unreasonable-delay claims at the motion-to-dismiss stage," and "the question of whether discovery is necessary depends, as with any sort of claim, on the particular Complaint." Sekar, 2026 WL 1454439, at *5 (citation omitted). The Court finds it is appropriate to weigh the TRAC factors at this stage of the proceedings and concludes the TRAC factors weigh in Defendants' favor.

1.      Factors One and Two

"The most important [TRAC factor] is the first factor, the 'rule of reason,' though it, like the others, is not itself determinative." In re A Cmty. Voice, 878 F.3d 779, 786 (9th Cir. 2017). The first two factors are often considered together as the second can supply content for the first's "rule of reason." Sekar, 2026 WL 1196250, at *4 (citing TRAC, 750 F.2d at 80). Together, these factors assess whether the time for the agency to act is governed by a "rule of reason," as informed by any specific timetable established by Congress. See Indep. Mining Co., 105 F.3d at 507 n.7.

Defendants contend that both I-526E petitions and I-485 applications are governed by rules of reason, maintaining they are considered on a "FIFO" basis, under which those filed earlier in time are generally adjudicated before those filed later. See Motion at 13-14; Reply at 8; see also Sekar, 2026 WL 1454439, at *5. Courts have "unanimously" held that USCIS's "first in, first out" policy for adjudicating immigration applications like Plaintiff's qualifies as a "rule of reason" that satisfies the first TRAC factor. Sekar, 2026 WL 1454439, at *5. As in Sekar, the Court finds Plaintiff's unsupported assertions that there is no functioning queue (Opp. at 15) unpersuasive.

11

The second factor contemplates that "where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for [the] rule of reason." TRAC, 750 F.2d at 80. Congress has set "no explicit timeframe for adjudicating Form I-526 petitions." Sekar, 2026 WL 1454439, at *5 (quoting Barker v. USCIS, 2023 WL 7107257, at *4 (C.D. Cal. Sept. 11, 2023). Instead, Congress "has given the agencies wide discretion in the area of immigration processing." Id. (quoting Skalka v. Kelly, 246 F. Supp. 3d 147, 153-54 (D.D.C. 2017)).

Plaintiff contends that Congress set a 180-day expectation for all immigration benefit adjudications, citing 8 U.S.C. § 1571(b). Opp. at 15. Plaintiff claims the EB-5 Reform and Integrity Act of 2022 set "a 90-day average adjudication goal for targeted-employment-area I-526E petitions" and a proposed October 2025 fee rule would tighten the target to 120 days, with the concurrent filing authorization confirming Congressional intent. Id. at 16.

"The Ninth Circuit has held that a 'sense of Congress' provision 'amounts to no more than non-binding, legislative dicta' and 'creates no enforceable federal rights.'" Sekar, 2026 WL 1454439, at *6 (citing, inter alia, Yang v. Cal. Dep't of Soc. Servs., 183 F.3d 953, 961-62 (9th Cir. 1999)). "[A] contrary conclusion would ignore 'the overwhelming caselaw rejecting unreasonable delay challenges for applications pending well beyond the 180-day window that Congress contemplated in 8 U.S.C. § 1571(b)." Gore, 2026 WL 1708909, at *4 (citation omitted).

As such, the Court looks to case law. Gore, 2026 WL 1708909, at *4; Sarlak v. Pompeo, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) ("Absent a congressionally supplied yardstick, courts typically turn to case law as a guide."). "[I]n general 'district courts have . . . found that immigration delays in excess of five, six, seven years are unreasonable, while those between three

12

to five years are often not unreasonable.'" Ramesh v. Mayorkas, 2023 WL 5667887, at *7 (N.D. Cal. Feb. 7, 2023) (quoting Mokkapati v. Mayorkas, 2022 WL 2817840, at *6 (D.D.C. July 19, 2022)). Plaintiff filed the Complaint approximately 17 months after filing the I-526E Petition and 14 months after filing the I-485 Application. Were the Court to consider the delay to date, the I-526E Petition has now been pending for approximately 22 months and the I-485 Application has been pending for approximately 20 months. The strong weight of authority indicates that the delay here does not constitute unreasonable delay. See, e.g., Jarrahi v. Rubio, 2026 WL 357658, at *6-7 (S.D. Cal. Feb. 9, 2026) (20-month delay not "egregious"); Varzaghani v. Mayorkas, 2024 WL 2952141, at *4 (C.D. Cal. June 5, 2024) (delay of two years "much shorter" than delays which courts have typically found to be unreasonable); Barker v. USCIS, 2023 WL 7107257, at *4 (C.D. Cal. Sept. 11, 2023) (finding the second TRAC factor weighed only "slightly in favor of Plaintiffs, whose I-526 petitions ha[d] been pending for almost four years, or roughly eight times the 180-day goal"); Ramesh, 2023 WL 5667887, at *7 ("The approximately three-year delay in this case does not cross the line from reasonable to unreasonable.") (citation omitted); Jamal v. Johnson, 2016 WL 4374773, at *6 (C.D. Cal. Aug. 15, 2016) (delays of four years not unreasonable). The Court concludes that the first two TRAC factors weigh in Defendants' favor.

        2.    Factors Three and Five

        The third and fifth TRAC factors concern the impact of a delay on human health and welfare, as well as the nature of the interests prejudiced by the delay. See Indep. Mining Co., 105 F.3d at 509. These factors largely overlap and can generally be evaluated together. Yavari v. Pompeo, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019). Courts in the Ninth Circuit "have found that where a plaintiff does not show 'any immediate risk of deportation or impairment to his physical, financial, or safety needs if his application is not

13

immediately adjudicated,' the third and fifth TRAC factors weigh in favor of denying relief." Ferro v. Mayorkas, 2023 WL 4291841, at *3 (C.D. Cal. June 16, 2023) (quoting Jain v. Jaddou, 2023 WL 2769094, at *8 (N.D. Cal. Mar. 31, 2023)).

Plaintiff alleges that the delay has caused separation from her family in Colombia for an extended, indefinite period, including during the death and illness of loved ones, causing distress that has compelled her to seek professional health. She also alleges the delay has imposed "financial and practical harm" because her primary income sources remain in Colombia, and she cannot handle those matters in person, requiring her to delegate matters at added expense, precluding her from completing bank transactions and withdrawing employment benefits that require her physical presence. It has also left her unable to make further U.S. investments or plan a stable life here. She also claims she risks a hard stop in work authorization at each renewal cycle, her investment is locked and unrecoverable until conditions are removed through the I-829 process, and her targeted employment area category could retrogress in the future. Opp. at 17-19.

While the Court is cognizant of Plaintiff's interest in a timely adjudication, the Court also must be cognizant of "the government's competing priorities and the fact that pushing [Plaintiff's] application to the front of the line would delay the applications of others, who also have human welfare and interests at stake." Shahijani v. Laitinen, 2023 WL 6889774, at *4 (C.D. Cal. Oct. 6, 2023); see also Sekar, 2026 WL 1454439, at *7 ("the Court is also mindful that many others face similarly difficult circumstances as they await adjudication of their visa applications" (citation omitted)). The alleged impacts here do not rise above the ordinary consequences of uncertainty inherent in any visa application process. See Ferro, 2023 WL 4291841, at *4. Unlike many visa and asylum applicants, Plaintiff does not claim to face

persecution or be the victim of crime in her home country, has not alleged that she fears for her life or lacks access to the necessities of life, she acknowledges she currently has work authorization, and she has not identified any medical or safety risks caused by Defendants' delay. In the absence of such (or similar) allegations, the Court finds that the third and fifth TRAC factors weigh in Defendants' favor.

   3.   Factor Four

The fourth TRAC factor concerns the effect of expediting an agency action on other agency actions of higher or competing priorities and carries significant weight. Indep. Mining Co., 105 F.3d at 507 n.7; Baizakova v. Jaddou, 2024 WL 3063227, at *6 (C.D. Cal. June 14, 2024). Courts have "refused to grant relief, even though all the other factors considered in TRAC favored it, where a judicial order putting [the petitioner] at the head of the queue [would] simply move[] all others back one space and produce[] no net gain." Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (as amended) (alteration in original) (citation omitted); Jain, 2023 WL 2769094, at *9 ("Most courts have found that the fourth TRAC factor weighs heavily in the agency's favor when a judicial order putting plaintiffs at the head of the line would simply move all others back one space and produce no net gain.").

Defendants argue that "Plaintiff essentially asks this Court to move adjudication of her I-526E Petition and I-485 Application ahead of other foreign national investors who are in front of her in the processing queues." Motion at 18. Plaintiff counters that Defendants have not established a functioning queue exists or Plaintiff's position in the queue. Opp. at 19. She also cites her allegation that "similarly-situated applicants continue to receive action" while her I-526E Petition and I-485 Application remain untouched. Id. (citing Complaint ¶ 47).

Plaintiff's arguments fail to address why her I-526E Petition and I-485 Application should be expedited ahead of applications of other similarly situated noncitizens. The Court cannot find that granting Plaintiff relief would not disadvantage others. Earlier adjudication of Plaintiff's I-526E Petition and I-485 Application unavoidably delays adjudication of other petitions and applications—Plaintiff's I-526E Petition and I-485 Application would be adjudicated earlier of other similarly situated applicants merely because she sued. "USCIS faces competing priorities, such as adjudicating the petitions that were filed before [Plaintiff's] and those that require expedited review due to exigent circumstances." Fang Yan v. Dir. of L.A. Asylum Office for USCIS, 2023 WL 4053410, at *5 (C.D. Cal. June 16, 2023). "[G]ranting Plaintiff the relief [she] seeks would allow [her] to jump the line past other applicants simply because [she] has the resources to hire an attorney and file a case in federal court" (Yilmaz v. Jaddou, 697 F. Supp. 3d 951, 961 (C.D. Cal. 2023)) and incentivizes Defendants to prioritize those applicants who have retained counsel and filed a lawsuit. Gore, 2026 WL 1708909, at *5.

Accordingly, the Court concludes the fourth TRAC factor strongly favors Defendants. See Ferro, 2023 WL 4291841, at *4 ("Because compelling Defendants to adjudicate Plaintiff's I-526 petition on an expedited basis would unfairly prejudice other applicants with pending petitions, including those pending for longer periods of time, this factor strongly favors Defendants.").

4.    Factor Six

Under the sixth factor, "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." TRAC, 750 F.2d at 80 (internal quotation marks and citation omitted). This factor would weigh in Plaintiff's favor if there was impropriety or bad faith behind the delay. See Indep. Mining Co., 105 F.3d at 510. Plaintiff has not plausibly alleged that the delay is intentional or the result of

16

impropriety by Defendants. As such, this factor is neutral.

In sum, considering the TRAC factors, Plaintiff has not sufficiently alleged that Defendants' alleged delay in adjudicating her I-526E Petition and I-485 Application is unreasonable.

**D.    Leave to Amend**

"Although leave to amend 'shall be freely given when justice so requires,' it may be denied" where it "would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." Chinatown Neighborhood Ass'n v. Harris, 794 F.3d 1136, 1144 (9th Cir. 2015) (citation omitted). Here, the Court finds that leave to amend would be futile. At this time, Plaintiff's I-485 Application related claims are unripe and as to all claims, Plaintiff cannot allege any additional facts to show the delay in the adjudication of her I-526E Petition and I-485 Application is unlawful. As such, leave to amend is denied. See Sekar, 2026 WL 1454439, at *8. Such dismissal shall be without prejudice to filing a new action under appropriate authority should Plaintiff's pending I-526E Petition and I-485 Application give rise to a viable claim in the future.

## IV.

## ORDER

As an initial matter, the request to dismiss the due process claim without prejudice is granted.

For the foregoing reasons, Defendants' Motion (Dkt. 11) is GRANTED and Judgment shall be entered dismissing the action without prejudice.

IT IS SO ORDERED.

Dated:   July 23, 2026

JOHN D. EARLY
United States Magistrate Judge

17